Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

February 18, 2004

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**FEB 20 2004**

Mr. Thomas D. Roberts
Office of the United States Attorney
P.O. Box 668
Cheyenne, WY 82003

Betty A. Griess, Clerk
Cheyenne

Re:     04-8016, Robbins v. Wilkie
        Dist/Ag docket:  98-CV-201-CAB

Dear Counsel:

This appeal was docketed today.  Copies of the Tenth Circuit
Rules, effective January 1, 2003, and the Federal Rules of Appellate
Procedure, effective December 1, 2002, may be obtained by contacting
this office or by visiting our website at www.ca10.uscourts.gov.

An attorney who files a notice of appeal has entered an
appearance and may not withdraw without the court's permission.  In
direct criminal appeals, trial counsel is responsible for continuing
representation whether or not counsel actually signed the notice of
appeal.  10th Cir. R. 46.3(A).  Generally, the court will not allow
counsel to withdraw until the preliminary prosecution of the appeal
has been completed; this includes: ordering necessary transcripts,
filing a designation of record, if necessary, and filing a docketing
statement.

Appellant must file a docketing statement within ten days of
filing the notice of appeal.  If no docketing statement has been
filed, it must be filed within ten days of the date of this letter.
Necessary transcripts must also be ordered within ten days.  If no
transcript is necessary, appellant must file a transcript order form
that says no transcript will be ordered.

Enclosed is an entry of appearance form.  Attorneys must
complete and file this form within ten days of the date of this
letter.  10th Cir. R. 46.1(A).  Pro se parties must complete and
file the form within thirty days of the date of this letter.
Appellant's failure to enter an appearance may cause the appeal to be
dismissed.  An appellee who fails to enter an appearance may not
receive notice or service of orders.

Appellant is not required to file a designation of record,
but will be required to file an appendix with appellant's opening
brief.  See 10th Cir. R. 10.2(A) and 30.1.

Appellant must file an opening brief and appendix within 40 days

after the date on which the district clerk notifies the parties and
the circuit clerk that the record is complete for purposes of appeal.
See 10th Cir.  R. 31.1(A)(1).  Motions for extensions of time to file
briefs and appendixes are not favored and will not be granted unless
they comply with 10th Cir. R. 27.3.

Briefs must satisfy all requirements of the Federal Rules of
Appellate Procedure and Tenth Circuit Rules.  See Fed. R. App. P. 28
and 32 and 10th Cir. R. 28.1, 28.2, 32.1 and 31.3 when applicable.  An
original and 7 copies of briefs must be filed.  See 10th Cir.  R. 31.5.
Appendixes must satisfy the requirements of 10th Cir. R.  30.1(A) and
30.1(C) and 2 copies must be filed.  See 10th Cir. R.  30.1(D).

Please contact this office if you have questions.

Sincerely,

PATRICK FISHER
Clerk

By: _____
Deputy Clerk

PF:kf

cc:   Karen J. Budd-Falen
      Marc R. Stimpert
      Betty Griess, Clerk